Filed 10/28/20  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C091072 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFECOD20190009160) |
| v. | |
| ALONZO DEON JOHNSON, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Alonzo Deon Johnson asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

A police officer was dispatched to a residential apartment address in response to a loud music complaint in a high crime and gang area.  The officer observed a vehicle pull

1

into the apartment complex parking lot and heard loud music coming from it. When defendant exited the passenger side of the vehicle and started walking away, the officer asked him to come back but defendant said "no." Defendant continued walking and kept his hand on the front of his waistband. The officer illuminated defendant with his flashlight and saw something that appeared to be the handle of a gun. The officer told his partner "twelve-oh-twenty," alerting to a firearm, and defendant started running. The officer chased defendant and yelled "drop the gun," but defendant continued to hold the object in his waistband. When defendant went around a corner and the officer lost sight of him, the officer heard his partner yelling "drop the gun." The officer caught up and saw his partner shoot defendant with a Taser. Defendant was arrested but a gun was not found. The officer's partner told the officer defendant had dropped a gun during the chase. At the time of his arrest, defendant did not have any object on his person that looked like a gun.

The People charged defendant with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1) -- count 1)[1] and misdemeanor resisting arrest (§ 148, subd. (a)(1) -- count 2). Defendant moved to suppress the evidence pursuant to section 1538.5, arguing the officers lacked reasonable suspicion for the detention and probable cause for the arrest. The trial court denied the motion, finding the police had reasonable suspicion to detain defendant after defendant began fleeing and the officer saw what appeared to be a gun.

Defendant ultimately pleaded no contest to both counts. The trial court sentenced defendant to the midterm of two years on count 1, suspended execution of sentence, and placed him on informal probation for five years. As part of the plea agreement, defendant waived 99 days of presentence credit.

Defendant obtained a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.

 

 

 

                /S/
            MAURO, Acting P. J.

 

 

We concur:

 

 

    /S/
MURRAY, J.

 

 

    /S/
DUARTE, J.